The first case is People v. Clifford Roberts. Please call the case. Step up, counsel. Now, although this court does not keep the time clock, please do not be repetitive. We are familiar with your case. Thank you very much. Please proceed. May it please the Court. Good morning, Your Honors. My name is John Coltsy, and I represent the appellant in this matter, Mr. Clifford Roberts. At this time, I'd like to reserve three minutes for rebuttal. Thank you. Your Honors, I'd like to concentrate my arguments on issues 1 and 2 in the brief, the unreliability of Officer Williams' identification, and subsequently the State's introduction and use of the Photo Spread Advisory Form for the sole purpose of bolstering that identification. In this case, Your Honors, Mr. Roberts was arrested, resulting from the Chicago Police Department's investigation of an open-air drug market at the Ida B. Wells Housing Development, where Officer Williams identified Mr. Roberts in a photo raid as an individual who sold him cocaine inside of that building. Now, it's initially important to note that the only evidence connecting Mr. Roberts to this crime was the identification in the Photo Spread Advisory Form by Officer Williams. Did he ID him in court, too? He did. Your Honor is correct to point out that he did ID him in court, which is evidence. But in terms of evidence of physical evidence, or the fact that the officers proceeded into the building 15 minutes after Officer Williams purportedly identified Mr. Roberts as a person who sold him cocaine, Mr. Roberts was nowhere to be found. He was not in the building, although the other individuals that he gave vague clothing descriptions were still inside the building. And regarding the second point, the descriptions that Officer Williams gave, he gave a very basic description of most of the people that saw him in the building, but especially Mr. Roberts. He gave the description of jeans and a gray jacket. Now, based on that, the opportunity in which Officer Williams had to identify Mr. Roberts is clearly lacking, especially when considering... Counsel, he had a face-to-face meeting with the gentleman. They bought crack from him. Isn't that correct? He did have a face-to-face meeting with him, although it was very brief, and admittedly very brief. He stated in his testimony that he didn't even recognize or notice the person selling crack cocaine until he was directed there by the person selling him heroin. And this was also complicated by the fact that he was inside trying to, admittedly looking at all the other people. There's 15 to 20 people standing in line with him. The jury knew all of this, didn't they? The jury knew all of this? Correct. Yeah, the jury considered this. And the jury specific... I mean, the jury note indicating as to why the state was allowed to speak on the tip regarding Officer Williams' tip regarding whether or not an individual, how Mr. Roberts came to that view, that shows the jury was questioning how did Mr. Roberts end up in this photo array in the first place. They were thinking about that. So clearly they had at least some question as to the reliability of the identification that Officer Williams made both in court and through the photo spread advisory form. Which brings us to the second point, which is the state's use of the photo spread advisory form. The state brought this in solely for the purpose of bolstering Officer Williams. What was there about this form that bolstered his testimony? Initially... That he didn't have to pick out anybody? Is that the whole argument? That is part of the argument, Your Honor, that yes, he didn't have to pick out anyone, because the state specifically used that photo spread advisory form for a truth of matter asserted that went to his state of mind, Officer Williams' state of mind. Truth of what matter asserted? That he knew that he did not have to identify anyone when he looked at it. So what? I mean, that's procedure. That nobody who looks at a photo array has to identify anyone. They're all told that. And that's the police procedure. So what? I would agree that it would not make as much of a difference if the state specifically used it to show the procedure in which the police used. Here, this is not a case where somebody challenged the suggestiveness of the identification, and then the state combated that by saying, well, look, here, we did things the right way by showing this procedure. There was no objection when the form was read to the jury? There was an objection at the end of trial regarding... Well, it's a little late, isn't it? The jury's already heard it. There was an... Is this just plain error? Based on the defense counsel's initial objection... Counsel, was the objection made, it was made prior to the photo spread going to the jury? There was an initial objection to hearsay before it got to the jury. That was overruled. Then it was read to the jury, and then the defense counsel objected to the statement going back to the jury so they could consider it. So in the case where the defense counsel initially objected, and the state said, no, we're going to use this for the fact to show that the proper procedures were followed. But that's not the purpose in which the state used it for. There was no contention that Officer Williams did not make this identification or that it was in any way suggested. The purpose for which they used it for is to bolster the reliability of his identification. The state, in closing, went as far as to say that Officer Williams himself testified that he didn't have to make an identification of anyone. And that shows how clearly he knew, how confident he was in this identification, when none of that testimony was ever introduced at trial. And that shows the exact purpose in which the state was using this type of evidence. They're using it clearly as a sword. It wasn't a prophylactic technique to argue against some sort of improper procedure, which would typically be the case in which a Flores-Fedor Miranda waiver would be introduced into evidence. When someone says, I didn't voluntarily waive my rights or I didn't make that statement, well, you previously signed a Miranda waiver indicating you did. The state is used as impeachment or corroboration of what happened. And here the state was using it for the completely opposite and impermissible purpose. We have here, say, in two respects, the date and time in which Officer Williams Totally irrelevant. That wasn't even an issue in the case. It affects the case because the identification, the time... Everybody knows what date this happened. There's plenty of evidence on what happened. I mean, that's nonsense. Let's get to something where you contend that there's some real error here. Your Honor, as I've asserted before... How is it distinguished from Miranda? Why is it not the same? It's different from Miranda in that Miranda is never... I've never seen it used as a sword. I've never seen it as a sword. How is it used as a sword? It's a police procedure. They're asked the question, what did you do when you first took him into custody? I read them as Miranda rights. It is a police procedure. But to go into the context of that form to bolster Officer Williams has every right to testify on his own to say, look, I am completely confident this is the person I picked out. I saw his face. I would never forget his face. He didn't do that here. What did he do? He simply said, that's the guy. And we have to take that within the context of the opportunity to view in his identification his prior limited description. How long does he have to stare at his face in order for the jury to notice that? It goes to wait. The jury judges wait. They decide against your client. So Counsel, is it your argument that the identification was not as strong as it could have been and that this advisory form bolstered that particular identification? That is precisely the argument. The identification, while one identification... What makes you think that the identification was weak, which is Justice Hoffman's concern? Initially the nature of the description that he gave this person. He gave the most plain description you can give. A pair of jeans and a gray jacket. For a person that is inside a building during wintertime. That could be anybody. And then when the police, there's nothing to corroborate the fact that he's at the scene with the looks of the surrounding circumstances and identification. Testimony of a single eyewitness is sufficient to support a conviction in and of itself. We have cases from Florida Sealing. I agree that in most contexts an identification... The way the state used the Florida Spite Advisory form, that clearly pushed it over the edge. And the state specifically... Counsel, let's go talk about the Zaire issue. Absolutely, we can talk. I would happily talk about the Zaire issue. Here in this case, Supreme Court Rule 431B specifically states that you have to advise the jury on specific fundamental principles. And here the trial court failed to instruct the prospective jurors that Mr. Roberts didn't have to present any evidence on his behalf. It did say that he did not have to testify. And it did say that he didn't have to present any witnesses on his behalf. But that is uniquely different than any testimony whatsoever. How do you introduce evidence without witnesses? You could introduce evidence through a stipulation. You could introduce physical evidence. There are several ways. A stipulation would be the easiest and most common way of introducing evidence. Do you think jurors understand stipulations? I think the jury would understand the fact that Mr. Roberts didn't present any evidence and the fact that they could provide evidence in the form of a stipulation as opposed to a live testimony. What was the jury instructed before they delivered him? Were they told that he was not required to produce any evidence? They were told that he did not have to testify on his own behalf and that he was presumed innocent. They were instructed of those basic principles. But they were also never asked if they understood and accepted the fact. Counsel, doesn't Zare itself hold that jury instructions will not cure the error? That is correct. Jury instructions won't cure the error because one, the fact that they haven't asked if they've understood and accepted. That's the key focus of Rule 431B. Whether the trial court specifically instructs the jury that they understand and accept those instructions. So simple instructions at the end of trial would not remedy that where they're free to ignore or not believe such instructions. They were told the defendant in a criminal case, he doesn't have to call any witnesses on his own behalf. He himself does not have to testify. And they were told again, that means the defendant doesn't have to testify on his own behalf. And so your argument was because they weren't told that he didn't have to introduce any evidence that we've got a Zare violation that entitles him to a new trial. Correct. Rule 431B requires strict compliance. It doesn't require strict compliance. That's not what it requires. It requires substantial compliance. Substantial compliance. So here the court clearly missed a principle. It came close. It explained, but it didn't initially explain that he didn't have to present any evidence. It's clear that evidence encompasses more than just live testimony. And two, it never asked the jurors whether they specifically understood or accepted that principle. The court did advise the jurors that the defendant didn't have to call any witnesses, but did it expressly ask them whether or not they understood and accepted that principle. Which is also required by 3A. Correct. Which I previously mentioned, I believe. And so that is why we don't have substantial compliance here. Why did the trial court tell the jury after opening statements? The trial court informed the jury of how the procedure would follow, how the procedure would go. When the state finishes the case, the defense, if they choose, may introduce evidence. As we talked about, they don't have an obligation. They can choose not to. You understand the defendant does not yet have to testify in this case. Correct. And the purpose of Rule 431B is to clearly establish the four fundamental principles to the prospective jurors. And here the court did not follow 431B. Okay. Counsel, there's one other thing. What about number 4, 431B4? Was the jury ever asked whether or not the defendant's failure to testify could be held against him? I didn't see it when I looked throughout the record. I didn't see that question asked at all. There was no indication from my review of the record that the court did specifically ask whether the jurors knew that the fact that he did not testify could not be held against him. No. So you have half of 3 not asked and answered in terms of the understanding and acceptance. And number 4 wasn't asked at all. Is that correct? That is correct. Counsel, that is not correct. What the judge said was, another thing I want to touch on basically related to what we've been talking about. I told you that with the burden of proof, that means the defendant doesn't have to testify on his own behalf. That is his right. In this case as well as every criminal case, that is their right to choose not to testify. Everybody understands that general principle of law. If you don't understand, raise your hand. And it says, okay, nobody is raising their hand. So that would the portion your honor just indicated would specifically ask understanding and if the court feels that acceptance would be grafted onto that question. They didn't specifically ask accept. A slightly different question. Even though you all understand it is there anybody that has a problem with that being a fundamental principle of our criminal law system that the defendant does not have to testify? Nobody raised their hand. And I think you've got to be a little fairer with the record than you're being. If the jury was asked that question they were asked if they understood it and they were asked if anyone had a problem with it. No one raised their hand. What more did the judge have to do? Regarding issue 3 issue 4 is the issue as raised in the briefs. The fact that he didn't raise he didn't specifically ask whether any evidence had to be presented. And there is a difference between any evidence and live testimony. Thank you. May it please the court I am Assistant State's Attorney Joseph Alexander on behalf of the people of the state of Illinois. Your honor turning to the first issue raised by defense counsel the evidence was more than sufficient to support a finding of guilty   In this case we have a veteran police officer 18 years experience primarily in narcotics testified that he identified the defendant he was engaged in a hand-to-hand transaction he was face-to-face with the defendant for a number of seconds he was alert to his surroundings he identified the defendant on the same day as the transaction occurred based on his description of the defendant wearing a gray jacket and jeans other officers were able to locate the defendant and bring him in. There was a positive identification in court he had an unobstructed view during the time of the crime and based on all this evidence the jury a reasonable, a rational trial could have found the defendant guilty. Your honor, brevity of an observation does not undermine the identification and a single witness's identification is sufficient if there's if it's under circumstances permitting a positive identification and as I outlined through those facts there was circumstances permitting a positive identification. Turning to the second issue the trial court properly admitted the contents of the photo spread advisory form and properly allowed that form to go back into evidence. We have to start with the definition of hearsay when we're looking at this. Hearsay is an out-of-court statement used to prove the truth of the matter asserted. In this case the form was not used to prove the truth of the matter asserted. If we look at the context of the officer's testimony he was testifying to the procedure that he followed in preparing this photo spread. Your honor, even though Also, what's your response to your opponent's argument that because this was such a brief face-to-face meeting that the utilization of the form bolstered the state's case and thereby was prejudicial to the defendant? Your honor, there was no prejudice in this case. We need to look at the contents of that form. It was a very general form. There was no reference to the defendant. There was no reference to the charged crime. It was simply the officer stating that he at that time viewed a lineup and that he did not have to pick anyone out. There is no way that that is prejudicial. There is nothing in that to bolster the positive identification that the officer made. Again, it goes to procedure. And because it wasn't prejudicial, I'm sorry, there was no error in this case, Judge. And even if there were, it would be harmless because this form was not prejudicial to the defendant. Turning to the Zare issue, your honor, there was with, excuse me, with Supreme Court Rule 431B Also, you admit that the court never asked whether or not the jurors accepted and understood number three, the fact that he didn't have to present any evidence. Is that correct? We did concede that in our brief, your honor, but if we look at the transcript, there was substantial compliance. Throughout the transcript, the judge repeatedly reminded the jurors of all the Zare principles. If we look at the beginning, towards the beginning, when he's questioning all potential jurors, the judge specifically stated that the, excuse me, one second, that the defendant does not have to call any witnesses. The judge also said that the defendant does not have to prove his innocence at trial. Your honor, taking all that together, the totality of the instructions that the judge gave, it's clear that Counsel, you're talking totality. These cases have been up and down the line in terms of making sure that all four of these elements were complied with. That's correct, your honor, but we have to look at the, what Rule 431B is trying to create. It's trying to create a situation where the jury is informed of all of the principles. There are no magic words that can be used in every case to do that. It's up to the judge, and in this case, if we look at the record, the judge repeatedly informed the jury of those principles. The defendant did not have to testify. He did not have to call witnesses. He did not have to prove his innocence. And a reasonable person, your honor, prove your innocence means present evidence, call witnesses, and the jury was told that the defendant did not have to do that. Counsel, where in the voir dire did the court ask whether or not the defendant's failure to testify could be held against him? Where in the voir dire was that done? It was not specifically asked. It was not asked. And that's number 4, that's 431B4. It's completely omitted in the voir dire. It was not asked that whether the, I'm sorry, Judge, if we can go back, can you repeat your question for me again? 431B, the question of that the defendant's failure to testify could not be held against him, and whether or not the jury understood and accepted that, that was not asked during voir dire, is that correct? No, Judge, that's, I'm sorry, that's not correct. It's not correct. Take a look at page 20 in your brief. It's, Judge, it was on volume 2 at Y40-42. That's the page number that I have. The judge did ask the jury whether they accepted the principle that the defendant does not have to testify. The question is whether the defendant's failure to testify would be held against him. That's what Zayers says, whether his failure to testify will be held against him. That is not the same thing. In that specific instance, the judge did not ask whether, it did not ask the question that you just posed, Judge, but the judge, That's what Zayers says, you're supposed to ask. I understand, Judge. Your Honor, I'm sorry, but if we look at the record, those principles were repeatedly given to the jury. And it was given to the jury in the jury instructions that the fact that the defendant did not testify must not be considered by you in any way. And that's located in the record at Z177. Moreover, if we go back to voir dire, on the record at Y27, the judge specifically told the jury that you cannot be biased and prejudiced. That's what the underlying meaning of Zayers is, that you have to give him a fair trial. And the judge repeatedly reinforced that throughout the trial, throughout his instructions, throughout the question. And based on the entire record and not just isolated points in the record, there was substantial compliance and the principles of Zayers were upheld. Your Honor, based on these arguments and those arguments in the people's brief, we ask that you affirm the defendant's conviction and sentence. Thank you. Thank you. Rebuttal? Brief? Here the State is arguing that the fact that the trial court informed the jurors of the State's burden of proof and the presumption of innocence of the defendant, that that somehow grasps and satisfies the notion that the defendant does not have to present any evidence on his own behalf. If that were the case, Rule 431B would not be structured as it is and specifically require the third element to be iterated to the jurors and asked whether they understand it. Briefly regarding the fourth requirement, your Honor, it is correct that the court never specifically asked the prospective jurors whether or not they accepted and understood the fact that the defendant's failure to testify could not be held against them, but the court did ask the jurors that are problem with the fact that the defendant did not have to testify. So those are the two key issues for you to resolve in this 431 case. Thank you very much.